USCA1 Opinion

 

 August 3, 1994 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________ No. 93-2232 UNITED STATES, Appellee, v. DARYL E. SINGLETERRY, Defendant, Appellant. ____________ ERRATA SHEET The opinion of this court issued on July 18, 1994, is amended as follows: Page 4, third line from the bottom: Replace "Fed. R. Crim. P. 39(a)" with "Fed. R. Crim. P. 29(a)." United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 93-2232 UNITED STATES, Appellee, v. DARYL E. SINGLETERRY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ____________________ Before Torruella, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Stephen H. MacKenzie for appellant. ____________________ Michael M. DuBose, Assistant United States Attorney, with whom __________________ Jay P. McCloskey, United States Attorney, was on brief for appellee. ________________ ____________________ July 18, 1994 ____________________ STAHL, Circuit Judge. In this appeal, defendant- _____________ appellant Daryl E. Singleterry contests his jury conviction and resulting sentence for violation of federal drug trafficking laws. Singleterry raises two issues for our consideration. First, he protests the district court's refusal to instruct the jury to determine whether the prosecution produced sufficient evidence to establish the trustworthiness of his voluntary, extrajudicial confession. Second, Singleterry, who is black, maintains that his sentence violates the equal protection component of the Fifth Amendment because the difference in punishment for cocaine base ("crack") offenses and cocaine ("cocaine powder") offenses is either irrational or racially discriminatory. Finding neither argument persuasive, we affirm. I. I. __ BACKGROUND BACKGROUND __________ On January 14, 1993, Maine law enforcement agents, responding to reports of drug dealing at the Days Inn in Kittery, Maine, commenced surveillance of the motel. That evening, they observed Jamee Landry, an associate of Singleterry, exit Room 225 with George Wilson, another Singleterry associate and suspected drug dealer. The two entered Landry's car and drove to Portsmouth, New Hampshire, where the agents lost their trail. Early the next morning, -2- 2 after they saw Landry enter Room 225, the agents executed warrants to search both Room 225 and Landry's car. The search revealed a number of items probative of ongoing, armed drug trafficking. The agents first entered and searched Room 225, where they found Singleterry and Landry. They seized $2061 and a wallet containing Singleterry's driver's license from the pocket of a jacket on a night table in the room. Elsewhere in the room, the agents discovered two savings account passbooks, both in Singleterry's name, with a combined balance of $5100. In Landry's car, the agents found a plastic bag containing 6.46 grams of crack cocaine in the glove compartment, a leather gun holster on the front passenger seat, as well as a fully loaded semi-automatic handgun under the same seat. After this search concluded, the agents arrested Singleterry, and properly informed him of his "Miranda _______ rights." Singleterry then provided the agents with a voluntary confession telling them that he personally paid $250 to his source in Lawrence, Massachusetts, for the cocaine base found in the vehicle. He also admitted that he had stolen the handgun seized by the agents, explaining that he needed the handgun to protect himself from individuals who were jealous of his cocaine business. In addition, Singleterry told the agents that he did not have a job, that he had been dealing cocaine base for a considerable period of -3- 3 time, and that the cash seized from his jacket pocket as well as the money in his savings accounts were proceeds from his sale of cocaine base in the Portsmouth, New Hampshire, area. Finally, Singleterry stated that, as in this instance, he purchased most of the cocaine base he sold from a source in Lawrence or Lowell, Massachusetts. According to Singleterry, he would ordinarily pay $250 for a quarter ounce of cocaine base and then sell it for $1250. Singleterry was charged in a three count indictment with possession with intent to distribute cocaine, 21 U.S.C. 841(a)(1) and 841(b)(1)(B)(iii) (1988 & Supp. IV 1992) ___ (Count I), the use and carrying of a firearm in connection with a drug trafficking offense, 18 U.S.C. 924(c) (1988 & Supp. IV 1992) (Count II), and deriving certain personal property from proceeds obtained as the result of drug trafficking activity, 21 U.S.C. 853 (1988) (Count III). The parties agreed to have the district court decide Count III on the basis of the trial evidence. At trial, the government introduced evidence probative of the facts described above, relying heavily on the agents' live testimony concerning Singleterry's confession. At the close of the government's case in chief, the defense moved for judgment of acquittal. See Fed. R. ___ Crim. P. 29(a). Defendant's primary contention was that the government's evidence could not suffice to support a -4- 4 conviction because the government did not adequately corroborate Singleterry's confession. See Opper v. United ___ _____ ______ States, 348 U.S. 84 (1954) (prohibiting convictions on the ______ basis of uncorroborated confessions). The government argued, inter alia, that there was ample evidence to demonstrate the _____ ____ truth and accuracy of the confession. The district court reserved judgment until the close of all the evidence. After the defense presented no evidence, the court denied defendant's motion in a detailed ruling from the bench. Singleterry timely requested a jury instruction that "as a matter of law a confession alone is not sufficient evidence upon which to convict the defendant, that the confession must be accompanied by additional corroborative [evidence] or sufficient indicia of reliability." The district court refused to do so, explaining that the corroboration inquiry is for the court and not the jury. According to the district court, the role of the jury is simply to consider whether the evidence establishes each element of the offense beyond a reasonable doubt, although the jury is free to question the probative value of a confession in light of the strength or weakness of the corroborative evidence. After deliberating for less than an hour, the jury convicted Singleterry on Counts I and II. The district court later issued an orderof forfeiture in resolution ofCount III. -5- 5 At sentencing, the district court found that the offense level, including relevant conduct, involved a total of 73.66 grams of cocaine base, resulting in a base offense level of 32. United States Sentencing Commission, Guidelines __________ Manual, 2D1.1 (Nov. 1993); see also 21 U.S.C. ______ ___ ____ 841(b)(1)(B) (prescribing minimum and maximum sentences). Because Singleterry had knowingly given false testimony at a pre-trial suppression hearing, the court added a two-level enhancement for obstruction of justice. U.S.S.G. 3C1.1. With a total adjusted base offense level of 34 and a criminal history category of III, the guideline range on Count I was 188 to 235 months.1 U.S.S.G. Ch.5, Pt.A. The district court selected the minimum sentence of 188 months, imposing as well the consecutive 60 month sentence mandated by 18 U.S.C. 924(c) for the firearm offense. In another ruling from the bench, the district court rejected Singleterry's argument that stiffer penalties for cocaine base offenses, as opposed to cocaine powder offenses, violate Singleterry's right to equal protection of the law. ____________________ 1. If Singleterry had been convicted of possession with intent to distribute cocaine powder, and if his relevant conduct raised the total of cocaine powder involved to 73.66 grams, his base offense level would have been 16, adjusted to 18 after the two-level enhancement. U.S.S.G. 2D1.1 and ___ 3C1.1; see also 21 U.S.C. 841(b)(1)(C) (prescribing maximum ___ ____ sentences). With a criminal history category of III, the guideline range on this count would have been 33 to 44 months. -6- 6 II. II. ___ DISCUSSION DISCUSSION __________ A. Trustworthiness of Confessions and the Role of the Jury ___________________________________________________________ Singleterry contends that the district court committed legal error when it refused to instruct the jury on the need for corroboration of his confession. Specifically, Singleterry urges us to adopt one of two propositions. First, he suggests that, when the government's case rests primarily on a defendant's confession, the district court must instruct the jury to find the confession to be trustworthy before considering it as evidence of guilt. Second, Singleterry asserts that, even in the absence of a general rule mandating such an instruction, the district court is obliged to instruct the jury on the corroboration requirement where the evidence of trustworthiness is so weak that a jury might differ from the court in its resolution of the question. Whether the court must assign such a role to the jury is a pure question of law subject to plenary review. See, e.g., United States v. Gallo, 20 F.3d 7, 11 (1st Cir. ___ ____ _____________ _____ 1994) (holding that de novo review is customary for questions __ ____ of law) (citing In re Howard, 996 F.2d 1320, 1327 (1st Cir. ____________ 1993)). Thus, although the district court's reasoning may prove persuasive, and its conclusion coincide with our own, -7- 7 we are free to reject a reasonable reading of the law in favor of the interpretation we view as correct. To begin with, we note that a defendant's own statements are never considered to be hearsay when offered by the government; they are treated as admissions, competent as evidence of guilt without any special guarantee of their trustworthiness. See Fed. R. Evid. 801(d)(2) & advisory ___ committee's note; see also United States v. Barletta, 652 ___ ____ ______________ ________ F.2d 218, 219 (1st Cir. 1981). Nevertheless, there is a danger that the jury will rush to credit a confession without seriously considering whether the defendant confessed to a crime he did not commit. As a result, the federal courts have adopted common law rules designed to prevent a jury from convicting the defendant solely on the basis of an untrustworthy confession. The general rule is that a jury cannot rely on an extrajudicial, post-offense confession, even when voluntary, in the absence of "substantial independent evidence which would tend to establish the trustworthiness of [the] statement." Opper v. United States, _____ _____________ 348 U.S. 84, 93 (1954). See also Smith v. United States, 348 ___ ____ _____ _____________ U.S. 147 (1954); Warszower v. United States, 312 U.S. 342 _________ ______________ (1941); United States v. O'Connell, 703 F.2d 645 (1st Cir. _____________ _________ 1983).2 The Court has explained that independent proof of ____________________ 2. Many states adhere to a more traditional formulation of the corroboration rule, requiring independent proof of the corpus delicti ("body of the crime"), i.e., evidence ______ _______ ____ -8- 8 the commission of the charged offense is not the only means of establishing the trustworthiness of the defendant's confession; another "available mode of corroboration is for the independent evidence to bolster the confession itself and thereby prove the offense `through' the statements of the accused." Smith, 348 U.S. at 156.3 _____ The doctrinal nature and procedural concomitants of the trustworthiness requirement announced in Opper are not _____ entirely clear. Traditionally, the district court makes a preliminary determination as to whether testimony about the confession is sufficiently trustworthy for the jury to consider the confession as evidence of guilt. See McCormick ___ _________ 145, at 562; Corey J. Ayling, Comment, Corroborating _____________ Confessions: An Empirical Analysis of Legal Safeguards _____________________________________________________________ ____________________ independent of the confession showing that "(a) the injury or harm constituting the crime occurred; [and] (b) this injury or harm was done in a criminal manner." 1 McCormick on ____________ Evidence 145, at 557 (John William Strong ed., 4th ed. ________ 1992) (hereinafter "McCormick"). _________ 3. Singleterry misinterprets this comment as suggesting that a full confession (one involving admissions to all elements of the crime) automatically bolsters itself, eliminating the need for proof of trustworthiness. According to Singleterry, "under Opper and Smith, the prosecution may rely entirely on _____ _____ a confession which is not even proven to be trustworthy and put forth no evidence establishing the corpus delicti." This is simply not so. The Court has never suggested that in certain cases the government would be relieved of the burden of proving the trustworthiness of a confession. Smith merely _____ stands for the proposition that in the absence of independent evidence of the corpus delicti the government may establish ______ _______ the trustworthiness of the confession with other evidence typically used to bolster the credibility and reliability of an out-of-court statement. -9- 9 Against False Confessions, 1984 Wis. L. Rev. 1121, 1140 ___________________________ (hereinafter "Ayling"). In this respect, the Opper rule _____ essentially functions as a federal common law rule regulating the admission of statements which "are much like hearsay, [having had] neither the compulsion of the oath nor the test of cross-examination." Opper, 348 U.S. at 90. See also _____ ___ ____ Ayling, supra, at 1136-37 & n.66 (arguing that the _____ corroboration rule "governs the admissibility of evidence").4 ____________________ 4. Note that Federal Rule of Evidence 804(b)(3) provides an important parallel. Under Rule 804(b)(3), a confession by someone other than the accused is treated as hearsay admissible as evidence of guilt if certain conditions are satisfied. Rule 804(b)(3) rests on the assumption that, in general, "persons will not make damaging statements against themselves unless they are true." 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence 804(b)(3)[01], at _____________________ 804-138 (1993). But such a confession cannot be used to prove the defendant's guilt unless its use is necessitated by the unavailability of the declarant for courtroom testimony. Fed. R. Evid. 804(b). Additionally, we are wary of individuals who, as a result of mental illness, a fit of passion, a misplaced sense of sacrifice, or sheer mendacity, falsely incriminate themselves in order to spare another. Thus, "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement." Fed. R. Evid. 804(b)(3). It is also significant that the trustworthiness criterion of Rule 804(b)(3) is "cast in terms of a requirement preliminary to admissibility," Fed. R. Evid. 804(b)(3) advisory committee's note. As such, the district court makes the first and only official determination of trustworthiness, although it may be proper to instruct the jury that statements admissible under Rule 804(b)(3) "must be carefully scrutinized, weighed with great care, and received with caution." United States v. Miller, 987 F.2d 1462, 1465 _____________ ______ (10th Cir. 1993). -10- 10 At the same time, courts often characterize corroboration requirements as governing the sufficiency of ___________ the evidence. See, e.g., Warszower, 312 U.S. at 347-48 ___ ____ _________ (holding that "[a]n uncorroborated confession . . . does not as a matter of law establish beyond a reasonable doubt the commission of a crime"); O'Connell, 703 F.2d at 647-48 _________ (analyzing corroboration issue in rejecting challenge to sufficiency of evidence); McCormick, supra, 145, at 561-63. _________ _____ In contrast to a simple rule of admissibility, a rule of sufficiency might theoretically allow the trial judge to instruct the jury to make the final determination as to whether a confession has been corroborated. See id. ___ ___ (reporting that some state courts treat the corroboration requirement as a jury issue); Ayling, supra, at 1136-41. The _____ Supreme Court has not ruled on the question, and neither this circuit nor any other circuit has adopted such a broad approach. But cf. United States v. Marshall, 863 F.2d 1285, ___ ___ _____________ ________ 1287 (6th Cir. 1988) (holding that the district court should have instructed the jury on the corroboration requirement where "[t]he need for corroboration [was] apparent"). It is within the uncertain framework of sufficiency that Singleterry positions his appeal. Singleterry does not claim that the district court erred in admitting evidence of his confession. Nor does he assert that the district court improperly found that the confession was adequately -11- 11 corroborated in denying the motion for judgment of acquittal.5 Rather, Singleterry insists that, even after a court has properly admitted evidence of a confession and correctly tested the sufficiency of the evidence to support a conviction, the court has a responsibility, either generally or in certain cases, to instruct the jury to determine that the confession is trustworthy before considering it as evidence of guilt. This has never been the law in the federal courts, and we decline to adopt such a rule today. ____________________ 5. Two paragraphs in Singleterry's opening brief suggest that his appeal comprehends a challenge to the district court's denial of the motion for acquittal. Nonetheless, Singleterry's reply brief states that "Appellant is not arguing that the evidence was insufficient for the court to determine that the corpus delicti existed. Appellant is not arguing that . . . no rational trier of fact could find the corpus delicti sufficient." In any event, it is apparent that the district court did not err in finding that the government's evidence adequately established the trustworthiness of Singleterry's confession. Proof of the presence in Landry's car of 6.46 grams of cocaine base -- a controlled substance in an amount substantial enough to suggest an intent to distribute -- independently establishes the corpus delicti with respect to Count I. No more is ______ _______ required to demonstrate the trustworthiness of Singleterry's confession to the tangible crime of possession of cocaine base with intent to distribute. See Wong Sun v. United ___ ________ ______ States, 371 U.S. 471, 489-90 n.15 (1963). That the ______ confession is trustworthy concerning admissions relative to Count I is strong evidence that the same confession is equally trustworthy concerning other admissions; namely, that Singleterry used the gun found in Landry's car to protect himself from rival drug dealers. Even if that admission were not sufficient to show that Singleterry "use[d] or carrie[d]" the gun "in relation to" his possession and intended distribution of the 6.46 grams of cocaine base, 18 U.S.C. 924(c)(1), the government's other physical evidence -- particularly the proximity of Singleterry's loaded gun to the cocaine base -- would most certainly allow a jury to reach that conclusion beyond a reasonable doubt. -12- 12 Although we cannot accept Singleterry's theory as such, we do not mean to suggest that the district court has no continuing duty to police the jury's consideration of a confession's probative value. First, if the district court loses confidence in its earlier determination of the corroboration issue and the evidence is otherwise inadequate to support a conviction, the proper course would be to enter a judgment of acquittal. Alternatively, if the government's remaining evidence could support a finding of guilt but the jury's incurable exposure to the confession raises serious questions about the prospect of a fair trial, the proper course would be to declare a mistrial. See Stewart v. United ___ _______ ______ States, 366 U.S. 1, 10 (1961); United States v. Sepulveda, 15 ______ _____________ _________ F.3d 1161, 1184 (1st Cir. 1993), cert. denied, 62 U.S.L.W. _____ ______ ___ (U.S. June 20, 1994). Second, a confession otherwise admissible under Opper may nevertheless be inadmissible "if its probative _____ value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.6 Third, particularly where a full confession dominates the government's proof, it is fair to assume that a jury will interpret its duty to find guilt beyond a reasonable doubt to mean that it cannot simply accept a ____________________ 6. Singleterry does not argue on appeal that the district court should have excluded evidence of the confession, or any portion thereof, on Rule 403 grounds. -13- 13 confession at face value. See D'Aquino v. United States, 192 ___ ________ _____________ F.2d 338, 357 (9th Cir. 1951) (holding that where there is adequate corroboration of the confession "the usual instructions on presumption of innocence and reasonable doubt adequately cover[] all that the jury need be told upon this question of [corroboration]") (citing Pearlman v. United ________ ______ States, 10 F.2d 460 (9th Cir. 1926)), cert. denied, 343 U.S. ______ _____ ______ 935 (1952); McCormick, supra, 145, at 564 ("Nor is there _________ _____ sufficient need to submit the matter to the jury, as long as the jury is adequately sensitized to the need to find all elements of the crimes charged beyond a reasonable doubt."). Fourth, we note that a judge has wide latitude to select appropriate, legally correct instructions to ensure that the jury weighs the evidence without thoughtlessly crediting an out-of-court confession. Cf. Miller, 987 F.2d ___ ______ at 1465 (holding that district court properly instructed jury that it could rest guilty verdict on uncorroborated yet credible testimony of an accomplice but should "keep in mind that such testimony is always to be received with caution and weighed with great care"); United States v. Twomey, 884 F.2d _____________ ______ 46, 53 (1st Cir. 1989) (suggesting that court may "assist the jury by demonstrating to them how to go about analyzing the evidence"), cert. denied, 496 U.S. 908 (1990); Ayling, supra, _____ ______ _____ at 1141 (arguing that "guidance on the means of determining the ultimate credibility of the evidence accords with the -14- 14 jury's role as finder of evidentiary sufficiency"). Accordingly, even if the district court has properly admitted evidence of a confession, the court has the discretion to determine that the question of trustworthiness is such a close one that it would be appropriate to instruct the jury to conduct its own corroboration analysis. In this case, there is no indication that the district court overlooked its obligation to avoid or limit undue prejudice stemming from evidence of Singleterry's confession. The district court had no occasion to exclude the confession under Rule 403, correctly found that the confession was trustworthy, and properly instructed the jury on the government's burden of proof. Finally, in a manifestly appropriate exercise of discretion, the court directed the jury to "consider any . . . facts or circumstances disclosed by the evidence . . . tending to corroborate or to contradict the version of events which the witnesses have told you." In sum, there was no error in the lower court's refusal to instruct the jury to apply the Opper _____ trustworthiness requirement before considering Singleterry's confession to be probative of his guilt. B. Constitutionality of Sentencing Distinction Between _____________________________________________________________ Cocaine Base and Cocaine Powder _______________________________ Singleterry maintains that his sentence on Count I is the product of an unconstitutional distinction between -15- 15 offenses involving cocaine base and those involving cocaine powder. See 18 U.S.C. 841(b); U.S.S.G. 2D1.1(c) ___ (equating 1 gram of cocaine base with 100 grams of cocaine). Singleterry did not contend below that the laws at issue are facially unconstitutional. Instead, he offered evidence in an attempt to demonstrate that the sentencing distinction between cocaine base and cocaine is either irrational, racially motivated, or both. On appeal, Singleterry essentially argues that the district court erroneously applied the relevant constitutional principles to the facts found at the sentencing hearing. We first recite the procedural rules that govern this portion of our analysis, then turn to a brief discussion of the merits. While pure questions of law are subject to de novo __ ____ review, we generally examine a district court's fact-based determinations for clear error. Williams v. Poulos, 11 F.3d ________ ______ 271, 278 (1st Cir. 1993); In re Howard, 996 F.2d at 1327-28. _____________ Thus, the district court's findings of fact are conclusive on appeal "unless, after carefully reading the record and according due deference to the trial court's superior ability to judge credibility, we form `a strong, unyielding belief that a mistake has been made.'" Williams, 11 F.3d at 278 ________ (quoting Dedham Water Co. v. Cumberland Farms Dairy, Inc., _________________ _____________________________ 972 F.2d 453, 457 (1st Cir. 1992)). The same standard of review often applies to mixed questions of law and fact, -16- 16 although we are less likely to defer to the district court's conclusions where proper application of the law primarily requires a clarification of the relevant legal principles. Id. at 278 & n.11 (citing In re Howard, 996 F.2d at 1328). ___ ____________ The clear error standard does not apply, however, when the fact-finding at issue concerns "legislative," as opposed to "historical" facts. See generally Dunagin v. City ___ _________ _______ ____ of Oxford, 718 F.2d 738, 748 n.8 (5th Cir. 1983) (en banc) _________ (plurality), cert. denied, 467 U.S. 1259 (1984); Menora v. _____ ______ ______ Illinois High Sch. Ass'n, 683 F.2d 1030, 1036 (7th Cir. __________________________ 1982), cert. denied, 459 U.S. 1156 (1983); see also Lockhart _____ ______ ___ ____ ________ v. McCree, 476 U.S. 162, 168-69 n.3 (1986) (reserving ______ question while suggesting approval of plurality opinion in Dunagin). "Legislative facts are those general _______ considerations that move a lawmaking or rulemaking body to adopt a rule, as distinct from the facts which determine whether the rule was correctly applied." Menora, 683 F.2d at ______ 1036. Accordingly, we need not defer to the lower court's assessment of the "evidence" Singleterry offers to demonstrate the irrational and racially discriminatory nature of the adoption of the distinction between cocaine base and cocaine powder offenses. 1. Irrational Classification _____________________________ It is well settled that an irrational classification imposed by federal law is violative of the -17- 17 equal protection component of the Fifth Amendment's Due Process Clause. See Miranda v. Secretary of Treasury, 766 ___ _______ ______________________ F.2d 1, 6 (1st Cir. 1985) (citing Mathews v. De Castro, 429 _______ _________ U.S. 181, 182 n.1 (1976)). Singleterry contends that a distinction between cocaine base and cocaine powder is such a classification because the use of cocaine base allegedly presents no greater health threat than the use of cocaine powder. Yet Singleterry presents little or no evidence to support this contention, nor has he explained why such evidence would be dispositive of the rationality of the distinction at issue. Even if there is no telling difference in the health effects associated with the use of different types of cocaine, it would be rational to treat cocaine base offenses more harshly for other reasons. For example, Congress could rationally seek to strengthen the deterrent effect of the narcotics laws by increasing the "cost" to a criminal of using or selling a cocaine substance that, like cocaine base, is sold at a cheaper unit price than other cocaine substances. Indeed, of the four citations to the Congressional Record that Singleterry offers in his opening brief as probative of congressional intent, each suggests that Congress has been concerned that the low price of cocaine base (in the absolute sense as well as relative to cocaine) would lead to an explosion in drug use. -18- 18 In any event, the district court correctly concluded that "Congress had before it sufficient . . . information to make distinctions that would justify . . . more severe sentences for trafficking in or using cocaine base or crack than cocaine itself." Accord United States v. ______ _____________ Frazier, 981 F.2d 92, 95 (3d Cir. 1992) (noting that the _______ Third Circuit, "along with every other federal court of appeals to rule on the issue, has held that the distinction between cocaine base and cocaine in the federal sentencing scheme is constitutional under rational basis equal protection review"), cert. denied, 113 S. Ct. 1661, 1662 _____ ______ (1993). 2. Racially Discriminatory Classification __________________________________________ Singleterry next argues that the harsher penalties for cocaine base offenses are unconstitutional because they have such a disproportionate effect on blacks as to give rise to an inference that Congress and the Sentencing Commission established those penalties for the purpose of racial discrimination. See Yick Wo v. Hopkins, 118 U.S. 356 (1886). ___ _______ _______ As proof of disparate impact, Singleterry offers some evidence that (1) most cocaine base users are black while most users of cocaine are white, and (2) the vast majority of sentences for cocaine base offenses are imposed on black defendants while white defendants comprise the largest share of those sentenced for cocaine offenses. In addition, -19- 19 Singleterry has offered some evidence that Congress anticipated such an impact because, in adopting heightened penalties for cocaine base offenses, it was attempting to address a problem afflicting lower-income urban communities. We agree that where evidence of disparate impact leads most naturally to an inference of discriminatory purpose, the governmental classification may be subject to strict scrutiny under equal protection principles. See ___ McCleskey v. Kemp, 481 U.S. 279, 293 (1987) (holding that _________ ____ "`stark'" statistical pattern may serve "as the sole proof of discriminatory intent under the Constitution") (quoting Village of Arlington Heights v. Metropolitan Hous. Dev. ______________________________ _________________________ Corp., 429 U.S. 252, 266 (1977)); Washington v. Davis, 426 _____ __________ _____ U.S. 229, 242 (1976) ("[D]iscriminatory impact . . . may for all practical purposes demonstrate unconstitutionality because in various circumstances the discrimination is very difficult to explain on nonracial grounds."); Gomillion v. _________ Lightfoot, 364 U.S. 339, 341 (1960); Yick Wo, 118 U.S. at _________ _______ 373-74. But here, as we suggested in discussing the rationality of the sentencing scheme, there are racially neutral grounds for the classification that more "plausibly explain[]" its impact on blacks. Personnel Adm'r v. Feeney, _______________ ______ 442 U.S. 256, 275 (1979). As a result, there is insufficient evidence "that the distinction drawn between cocaine base and cocaine was motivated by any racial animus or discriminatory -20- 20 intent on the part of either Congress or the Sentencing Commission." Frazier, 981 F.2d at 95 (citing United States _______ _____________ v. Simmons, 964 F.2d 763 (8th Cir.), cert. denied, 113 S. Ct. _______ _____ ______ 632 (1992), and United States v. Galloway, 951 F.2d 64 (5th ______________ ________ Cir. 1992)). But see United States v. Clary, 846 F. Supp. ___ ___ _____________ _____ 768 (E.D. Mo. 1994) (holding that sentencing distinction between cocaine base and cocaine powder violates equal protection principles after finding circumstantial evidence of unconscious discriminatory purpose). In short, there was no error in the district court's determination to this effect. Finally, we note that while "[t]he equal protection obligation imposed by the Due Process Clause of the Fifth Amendment is not an obligation to provide the best governance possible," Schweiker v. Wilson, 450 U.S. 221, 230 (1981), the _________ ______ absence of a constitutional command is not an invitation to government complacency. Although Singleterry has not established a constitutional violation, he has raised important questions about the efficacy and fairness of our current sentencing policies for offenses involving cocaine substances. We leave the resolution of these matters to the considered judgment of those with the proper authority and institutional capacity. III. III. ____ CONCLUSION CONCLUSION __________ -21- 21 For the foregoing reasons, we affirm Singleterry's conviction as well as his sentence. So ordered. ___________ -22- 22