76 F.3d 370
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Domingo PEGUERO, Defendant, Appellant.
 No. 95-1659.
 United States Court of Appeals, First Circuit.
 Feb. 7, 1996.
 
 Kara M. Fay on brief for appellant.
 Sheldon Whitehouse, United States Attorney, and Zechariah Chafee, Assistant United States Attorney, on brief for appellee.
 Before Selya, Cyr and Lynch, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Domingo Peguero pleaded guilty to three counts of distribution of cocaine base. He was sentenced to a prison term of 108 months, at the low end of the applicable guideline sentencing range. He appeals from that sentence. We affirm.
 
 I. Unconstitutional Vagueness
 
 2
 Peguero's first argument is that the relevant statutes and sections of the United States Sentencing Guidelines are unconstitutionally vague because of their failure to adequately define "cocaine base." As Peguero concedes, we rejected this argument in United States v. Barnes, 8909 F.2d 545, 552 (1st Cir.1989), cert. denied, 494 U.S. 1019 (1990). The argument has also been rejected by every other federal circuit court that has considered it. See, e.g., United States v. Jones, 979 F.2d 317, 319-20 (3d Cir.1992); United States v. Jackson, 968 F.2d 158, 161-64 (2d Cir.1992); United States v. Thomas, 932 F.2d 1085, 1090 (5th Cir.1991).[1]
 
 
 3
 Peguero suggests that the investigation by the Sentencing Guidelines Commission into the "disparate treatment and arbitrary enforcement the statute has fostered ... warrants [this court] to reconsider the issue." We reviewed the recent legislative developments in this area in United States v. Camilo, No. 95-1565, slip op. at 14 (1st Cir. Dec. 18, 1995) (rejecting appellant's argument that ambiguity in the Guideline's distinction between cocaine powder and cocaine base entitled him to a downward departure pursuant to U.S.S.G. § 5K2.0). None of these developments persuade us that it is necessary to revisit the issue of unconstitutional vagueness.
 
 II. Failure to Depart
 
 4
 Peguero's second argument is that the district court erred in failing to grant a downward departure from the relevant guideline sentencing range pursuant to 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0. The sentencing court did not directly respond to Peguero's oblique requests for departure based upon the following factors: his drug addiction, the disparity between sentences for cocaine base and cocaine powder, family ties and employment record. We are persuaded that the district court's failure to depart did not result from an erroneous belief that it lacked the authority to do so.
 
 
 5
 The first two factors are not permissible bases for departure. See United States v. Rivera, 994 F.2d 942, 949 (1st Cir.1993)("drug or alcohol dependence or abuse is not a reason for imposing a sentence below the guidelines") and United States v. Haynes, 985 F.2d 65, 70 (2d Cir.1993) (holding that "a downward departure may not be predicated on the fact that penalties for cocaine crack are more severe than those involving cocaine.") The facts and circumstances relating to Peguero's family ties and employment record were not sufficiently unusual to take the case outside of the heartland. See Rivera, 994 F.2d at 953 (noting that even if court misapprehended its authority to depart, resentencing should not be ordered if there is "no significant possibility that the facts and circumstances would permit the district court lawfully to order a departure").
 
 III. Evidence from Co-Defendant's Trial
 
 6
 Peguero's third argument on appeal is that the sentencing court "impermissibly referenced and in fact utilized evidence of Appellant's alleged leadership role in the charged offenses which were brought out in the trial of a co-defendant [Marcelino Enrique Adames-Santos] in an entirely separate proceeding." Peguero, relying upon United States v. Berzon, 941 F.2d 8, 17 (1st Cir.1991), requests that the sentence be vacated and his case remanded for resentencing "without consideration of evidence obtained in the Adames-Santos trial."
 
 
 7
 Peguero made no objection at the time of sentencing, when the court referred to the conclusions it had drawn based on the evidence at co-defendant's trial. If Peguero was concerned that the information would influence his sentence, he ought to have requested a copy of the trial transcript and sought a continuance of his sentencing hearing so that he could prepare a rebuttal to the information contained therein. "Having failed to raise these contentions before the sentencing court, they may not be raised for the first time on appeal." United States v. Jackson, 3 F.3d 506, 511 (1st Cir.1993). In any event, it is clear that Peguero was not prejudiced. The court did not impose an upward adjustment for a leadership role (despite its conclusion that Peguero was a leader) and it sentenced him to the minimum guideline sentence. As Peguero has identified no permissible basis for a downward departure, he was not prejudiced by the sentencing judge's knowledge of the evidence received at the co-defendant's trial.
 
 IV. References to Deportation
 
 8
 Peguero's final argument that the district court "attempted to usurp powers held by the Immigration and Naturalization Service" by including an order of deportation in his sentence, is belied by the record. The sentencing transcript reveals that the district court included a clear statement of the relevant deportation procedures as they applied to Peguero. Therefore, there was no error.
 
 
 9
 Peguero's sentence is affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 To the extent that Peguero's argument is meant to challenge the distinction between cocaine powder and cocaine base as an irrational and racially discriminatory classification (in violation of the equal protection clause), those arguments have also been rejected by this court. See United States v. Singleterry, 29 F.3d 733, 740-41 (1st Cir.1994)