92 F.3d 1169
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Jemal Maurice SIMMONS, Defendant, Appellant.
 No. 96-1436.
 United States Court of Appeals, First Circuit.
 Aug. 14, 1996.
 
 George M. Hepner, III on brief for appellant.
 Jay P. McCloskey, United States Attorney, and Helene Kazanjian, Assistant United States Attorney, on Motion and Incorporated Memorandum to Dismiss Appeal Pursuant to Local Rule 27.1, for appellee.
 Before TORRUELLA, Chief Judge, CYR and STAHL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Upon careful review of the briefs and record, it appears that no substantial question is presented in this appeal and that summary disposition is appropriate.
 
 
 2
 Defendant first argues that, in selecting a sentence within the guideline range, the district court should have given fuller consideration to defendant's alleged cooperation with the government. We may not review that argument because we have no jurisdiction to consider an appeal from sentence that was within the applicable guideline range and was correctly determined. United States v. Tucker, 892 F.2d 8, 10 (1st Cir.1989). Here, the transcript of the sentencing hearing indicates that defendant had a full opportunity to present his legal and factual position, and that the district court considered that position, but was not persuaded. Having failed to request an evidentiary hearing below, defendant now may not properly complain that further evidence should have been taken.
 
 
 3
 We also reject defendant's constitutional challenge to disparate sentences imposed for crack, as compared with powder, cocaine crimes. We perceive no reason to depart here from the existing precedent on that issue, United States v. Singleterry, 29 F.3d 733, 740 (1st Cir.1994). Further, we perceive no need for additional argument following the decision announced in United States v. Armstrong, 116 S.Ct. 1480 (1996).
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.