NOT FOR PUBLICATION 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-1527

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 OMIL ARROYO,

 Defendant, Appellant.
 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF RHODE ISLAND

 [Hon. Francis J. Boyle, Senior U.S. District Judge] 

 

 Before

 Boudin, Circuit Judge, 

 Hill,* Senior Circuit Judge, 

 and Pollak,** Senior District Judge. 

 

Stephen R. Kaplan, by Appointment of the Court, for appellant. 
Margaret E. Curran, Assistant United States Attorney, with whom 
Richard W. Rose, Assistant United States Attorney, and Sheldon 
Whitehouse, United States Attorney, were on brief for the United 
States.

 

 September 29, 1997
 

 

*Of the Eleventh Circuit, sitting by designation.
**Of the Eastern District of Pennsylvania, sitting by designation.

 Per Curiam. Appellant Omil Arroyo was convicted on 

charges of possession with intent to deliver 50 grams or more

of cocaine base and 500 grams or more of powdered cocaine, 21

U.S.C. 841(a)(1), and sentenced to 151 months in prison,

the low end of the range determined by the Sentencing

Guidelines. He challenges both the jury verdict and his

sentence, beginning with a claim that there was insufficient

evidence to support the conviction. 

 In reviewing a verdict for evidentiary sufficiency, we

resolve all legitimate evidentiary conflicts in favor of the

verdict. See United States v. Ruiz, 105 F.3d 1492, 1495 (1st 

Cir. 1997). Arroyo's main insufficient-evidence argument is

that there was no proof that he exercised dominion and

control over the drugs in question. However, the drugs and

related paraphernalia were found in Arroyo's apartment, some

in plain view.

 Although Arroyo and a defense witness testified that two

friends also lived in his apartment, the jury was entitled to

disbelieve this testimony in light of Arroyo's inability to

identify where these friends worked or where they had lived

before moving in with him. The government's evidence was

clearly "sufficient to warrant a jury to conclude that the

defendant is guilty beyond a reasonable doubt." United 

States v. Paiva, 892 F.2d 148, 161 (1st Cir. 1989). 

 -2- -2-

 Arroyo also attacks the Sentencing Guidelines' treatment

of cocaine base as 100 times more serious than an equal

amount of powdered cocaine. This Court has already rejected

an equal protection challenge to the differential. United 

States v. Singleterry, 29 F.3d 733, 740-41 (1st Cir.), cert. 

denied, 513 U.S. 1048 (1994). Here, Arroyo simply recasts 

the attack as a claim that the differential should have been

treated as a ground for a downward departure.

 But a refusal to depart downward is not reviewable

unless it rests on a mistake of law, United States v. 

Grandmaison, 77 F.3d 555, 560 (1st Cir. 1996), and Arroyo has 

not pointed to any misapprehension of authority by the

sentencing judge. Further, even if the refusal to depart

were reviewable, the use of a 100-to-1 ratio is part of the

guideline--not itself an unusual circumstance or condition

that might take the case outside the "heartland of typical

cases" envisioned by the Sentencing Guidelines. See Koon v. 

United States, 116 S. Ct. 2035, 2044 (1996).  

 Finally, Arroyo argues that the district court erred in

ruling that he was not eligible for the "safety valve"

reduction provided by U.S.S.G. 2D1.1(b)(4). The district

court concluded that Arroyo had not satisfied the conditions

of this provision because he had not truthfully provided to

the government all of the information he had pertaining to

 -3- -3-

the offenses. U.S.S.G. 5C1.2(5). Arroyo asserts that he

is innocent and thus had no information to provide. 

 Arroyo had the burden of convincing the district court

that he qualified for the safety valve reduction. See United 

States v. Montanez, 82 F.3d 520, 523 (1st Cir. 1996). We 

review only for clear error the district court's

determination that Arroyo was guilty and so did have

information to provide. See United States v. Miranda- 

Santiago, 96 F.3d 517, 527 (1st Cir. 1996). Since we have 

already held that the evidence was sufficient to establish

guilt beyond a reasonable doubt, obviously the district

court's determination--based on a less demanding standard and

a reversal of the burden of proof--cannot be clear error. 

 Affirmed. 

 -4- -4-