USCA1 Opinion

 

 NOT FOR PUBLICATION ___________________ UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1527 UNITED STATES OF AMERICA, Appellee, v. OMIL ARROYO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Boudin, Circuit Judge, _____________ Hill,* Senior Circuit Judge, ____________________ and Pollak,** Senior District Judge. _____________________ ____________________ Stephen R. Kaplan, by Appointment of the Court, for appellant. _________________ Margaret E. Curran, Assistant United States Attorney, with whom ___________________ Richard W. Rose, Assistant United States Attorney, and Sheldon _________________ _______ Whitehouse, United States Attorney, were on brief for the United __________ States. ____________________ September 29, 1997 ____________________ _______________ *Of the Eleventh Circuit, sitting by designation. **Of the Eastern District of Pennsylvania, sitting by designation. Per Curiam. Appellant Omil Arroyo was convicted on ___________ charges of possession with intent to deliver 50 grams or more of cocaine base and 500 grams or more of powdered cocaine, 21 U.S.C. 841(a)(1), and sentenced to 151 months in prison, the low end of the range determined by the Sentencing Guidelines. He challenges both the jury verdict and his sentence, beginning with a claim that there was insufficient evidence to support the conviction.  In reviewing a verdict for evidentiary sufficiency, we resolve all legitimate evidentiary conflicts in favor of the verdict. See United States v. Ruiz, 105 F.3d 1492, 1495 (1st ___ _____________ ____ Cir. 1997). Arroyo's main insufficient-evidence argument is that there was no proof that he exercised dominion and control over the drugs in question. However, the drugs and related paraphernalia were found in Arroyo's apartment, some in plain view. Although Arroyo and a defense witness testified that two friends also lived in his apartment, the jury was entitled to disbelieve this testimony in light of Arroyo's inability to identify where these friends worked or where they had lived before moving in with him. The government's evidence was clearly "sufficient to warrant a jury to conclude that the defendant is guilty beyond a reasonable doubt." United ______ States v. Paiva, 892 F.2d 148, 161 (1st Cir. 1989). ______ _____ -2- -2- Arroyo also attacks the Sentencing Guidelines' treatment of cocaine base as 100 times more serious than an equal amount of powdered cocaine. This Court has already rejected an equal protection challenge to the differential. United ______ States v. Singleterry, 29 F.3d 733, 740-41 (1st Cir.), cert. ______ ___________ _____ denied, 513 U.S. 1048 (1994). Here, Arroyo simply recasts ______ the attack as a claim that the differential should have been treated as a ground for a downward departure. But a refusal to depart downward is not reviewable unless it rests on a mistake of law, United States v. ______________ Grandmaison, 77 F.3d 555, 560 (1st Cir. 1996), and Arroyo has ___________ not pointed to any misapprehension of authority by the sentencing judge. Further, even if the refusal to depart were reviewable, the use of a 100-to-1 ratio is part of the guideline--not itself an unusual circumstance or condition that might take the case outside the "heartland of typical cases" envisioned by the Sentencing Guidelines. See Koon v. ___ ____ United States, 116 S. Ct. 2035, 2044 (1996).  _____________ Finally, Arroyo argues that the district court erred in ruling that he was not eligible for the "safety valve" reduction provided by U.S.S.G. 2D1.1(b)(4). The district court concluded that Arroyo had not satisfied the conditions of this provision because he had not truthfully provided to the government all of the information he had pertaining to -3- -3- the offenses. U.S.S.G. 5C1.2(5). Arroyo asserts that he is innocent and thus had no information to provide.  Arroyo had the burden of convincing the district court that he qualified for the safety valve reduction. See United ___ ______ States v. Montanez, 82 F.3d 520, 523 (1st Cir. 1996). We ______ ________ review only for clear error the district court's determination that Arroyo was guilty and so did have information to provide. See United States v. Miranda- ___ ______________ ________ Santiago, 96 F.3d 517, 527 (1st Cir. 1996). Since we have ________ already held that the evidence was sufficient to establish guilt beyond a reasonable doubt, obviously the district court's determination--based on a less demanding standard and a reversal of the burden of proof--cannot be clear error.  Affirmed. ________ -4- -4-