<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

    [NOT FOR PUBLICATION -- NOT TO BE CITED AS PRECEDENT]
                                
                United States Court of Appeals
                    For the First Circuit
                     ____________________

No. 98-2216
                                
                  UNITED STATES OF AMERICA,
                                
                          Appellee,
                                
                              v.
                                
                          JOHN DOE,
                                
                    Defendant, Appellant.
                                
                     ____________________
                                
                                
         APPEAL FROM THE UNITED STATES DISTRICT COURT
                                
               FOR THE DISTRICT OF PUERTO RICO
                                
       [Hon. Salvador E. Casellas, U.S. District Judge]
                                
                     ____________________
                                
                            Before
                                
         Torruella, Stahl, and Lynch, Circuit Judges.
                                
                     ____________________

    Miriam Ramos Grateroles and Luz M. Rios Rosario on brief for
appellant.
    Jorge E. Vega-Pacheco, Nelson Prez-Sosa, and Guillermo Gil on
brief for appellee.
                                
                     ____________________
                                
                         May 7, 1999
                     ____________________

LYNCH, Circuit Judge.  After reaching a plea agreement
under Fed. R. Crim. P. 11(e)(1)(B), defendant John Doe pled guilty
to conspiracy to distribute cocaine.  He appeals from his sentence.  
We affirm.
Acting on wiretap information, Drug Enforcement
Administration agents pulled over a car driven by Doe.  The car
contained approximately 120 kilograms of cocaine.  Agents also
executed a warrant to search the home of co-defendant Nelson De
Jess-Morales, and found approximately 529 kilograms of cocaine as
well as evidence of cocaine traffic approaching 3,000 kilograms.
A grand jury indicted Doe with conspiracy to distribute
cocaine, see 21 U.S.C.  841(a)(1) (West 1981) & 846 (West Supp.
1999), and possession of cocaine with intent to distribute.  See
21 U.S.C.  841(a)(1); 18 U.S.C.  2 (West 1969).  The parties
reached a plea agreement, under which Doe pled guilty to the
conspiracy charge and the government sought dismissal of the
possession charge.  The agreement attributed 50-150 kilograms of
cocaine to Doe, leading to a base offense level of 36.  See U.S.
Sentencing Guidelines  2D1.1(c) (1998).  The agreement proposed a
three-level reduction in the offense level for acceptance of
responsibility, see U.S.S.G.  3E1.1, and an additional two-level
reduction should the court determine that Doe met the criteria of
the 'safety valve' provision set forth in U.S.S.G.  5C1.2.  If
both reductions applied, defendant's adjusted offense level would
be 31, and the government would recommend the minimum sentence of
120 months' imprisonment.  The agreement noted that, should Doe
fail to meet the safety valve criteria, his adjusted offense level
would be 33 and his minimum sentence would be 135 months.  Finally,
the agreement acknowledged that all sentencing conclusions remained
"within the sound discretion of the sentencing judge."
The sentencing hearing focused on  5C1.2, the safety
valve provision.  The government argued that  5C1.2 should not
apply because Doe did not meet its requirement of truthfulness:
    [N]ot later than the time of the sentencing hearing, the
    defendant has truthfully provided to the Government all
    information and evidence the defendant has concerning the
    offense or offenses that were part of the same course of
    conduct or of a common scheme or plan, but the fact that
    the defendant has no relevant or useful other information
    to provide or that the Government is already aware of the
    information shall not preclude a determination by the
    court that the defendant has complied with this
    requirement.
U.S.S.G.  5C1.2(5).  Doe replied that he had satisfied the
truthfulness requirement and merited a two-level reduction.
After holding a sentencing hearing, the district court
agreed with the government.  Noting that "even on the stand [Doe]
has been hesitant," the district court found that Doe had not been
fully truthful.  Doe moved for reconsideration, and the court
entertained further discussion before denying his motion.  The
court did apply the reduction for acceptance of responsibility,
reaching an adjusted offense level of 33, and sentenced Doe to the
minimum term of 135 months' imprisonment followed by five years of
supervised release.
The sole issue on appeal is whether the sentencing court
erred in denying a two-level reduction under  5C1.2.  We review de
novo any legal interpretation of this section, see United States v.
White, 119 F.3d 70, 73 n.6 (1st Cir. 1997), and review factual
determinations for clear error.  See United States v. Miranda-
Santiago, 96 F.3d 517, 527 (1st Cir. 1996).  Doe bore the burden of
proof: to benefit from the safety valve, he had to "persuade the
district court that he ha[d] truthfully provided the required
information and evidence to the government."  United States v.
Montanez, 82 F.3d 520, 523 (1st Cir. 1996) (internal quotation
marks omitted).
Doe makes two alternative arguments.  He first contends
that the district court erred in three ways: by improperly applying
the standard of U.S.S.G.  5K1.1 to his case, by failing to credit
his desire to cooperate, and by sanctioning him for failing to
provide evidence of a different drug conspiracy not "part of the
same course of conduct or . . . common scheme or plan."  Had the
district court not committed these errors, Doe argues, it would
have found that he met the requirements of  5C1.2.   
The record is clear that the district court did not apply
5K1.1 in this case and that it used the appropriate standard
under  5C1.2.  At the sentencing hearing, which took place over
two days and resulted in 180 transcript pages, the government
introduced sufficient evidence for the district court to find that
Doe was not fully truthful as required by  5C1.2.  Contrary to
Doe's depiction of his own meager involvement, a co-defendant
identified Doe as responsible for packaging and mailing of the
cocaine to New York; another witness identified Doe as an active
participant in three meetings packaging the cocaine for shipment;
and the court, having heard Doe's testimony, found that he was not
forthcoming.  There was no error.
In the alternative, Doe argues that the district court
applied  5C1.2 harshly against him, but leniently against co-
defendant Nelson De Jess-Morales.  Doe believes that De Jess-
Morales received a  5C1.2 reduction only because he was higher in
the drug organization and therefore had more information to
disclose than Doe, who characterizes himself as a mere "mule."  
Whether or not De Jess-Morales knew (and disclosed) more
information than Doe, Doe's argument does nothing to rebut the
district court's conclusion that he was not fully truthful.  That
was ample reason for any disparity and there can be no claim that
the resulting sentence was disproportionate to the crime.  Cf.
United States v. Singleterry, 29 F.3d 733, 740-41 (1st Cir. 1994).
The sentencing order is affirmed.

</body>

</html>