**UNITED STATES, Appellee,**

v.

**Rafael FONTANEZ, Defendant, Appellant.**

**No. 01–1271.**

United States Court of Appeals, First Circuit.

Submitted April 24, 2002.

Decided May 29, 2002.

George F. Gormley and Christie M. Charles on brief for appellant. Rafael Fontanez on brief pro se.

Michael J. Sullivan, United States Attorney, and Todd E. Newhouse and William M. Welch II, Assistant United States Attorneys, on brief for appellee.

Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and LYNCH, Circuit Judge.

PER CURIAM.

Rafael Fontanez appeals his conviction, after a jury trial, of conspiracy to distribute cocaine base on several occasions, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The evidence, taken in the light most favorable to the verdict, showed the following. In 1998, DEA agent Gregg Finning bought crack cocaine from Anthony Bledsoe. Bledsoe repeatedly sold crack to Finning, and Bledsoe was on two occasions accompanied by his supplier, whom Finning could not identify and whom Bledsoe described as "the Cuban." Later, local police made a traffic stop of the car that Bledsoe and the supplier had driven, and identified the driver, that is, "the Cuban," as Fontanez. Several telephone conversations between Bledsoe and Finning involved telephone numbers linked to Fontanez, including the numbers of his cellular phone and his barbershop. Eventually, Finning agreed to purchase a kilogram of crack from Bledsoe, and Fontanez waited in the same car while Bledsoe made the delivery—after which DEA agents arrested Bledsoe and Fontanez. After his arrest, Fontanez confessed to local police officer Richard Soto that he had obtained the kilogram of crack from one Carlos Quinones, and that Fontanez had been dealing crack for some time "with a Colombian organization out of Connecticut," as Soto testified at trial.

At trial, Fontanez moved to suppress his confession, claiming that he had never been read his *Miranda* rights (although it also appears that he claimed that he never made a confession). The district court denied the motion. At trial in January 2001, Fontanez at first represented himself with standby counsel, and later was represented by counsel who had formerly served as standby. The jury convicted him on all counts, from which conviction he now appeals. The court sentenced him to 216 months in prison.

The brief submitted by Fontanez's counsel argues that the evidence was insufficient to support a conviction on the conspiracy count. The theory is that a discrepancy in the testimony of Soto about the confession undermines the confession. Specifically, Soto testified at the suppression hearing that he had taken no notes of Fontanez's confession, and testified at trial that he had taken notes but then destroyed them. The brief makes no challenge, however, to the denial of the motion to suppress.

Fontanez has also submitted a supplemental pro se brief in which he raises numerous other arguments, including that the district court lacked subject matter jurisdiction, that 21 U.S.C. §§ 841 and 846 are invalid because of Congress's failure to promulgate them as specified by the Administrative Procedure Act, that the district court did not find a sufficient nexus to interstate commerce, that his conviction violated the Speedy Trial Act, that his confession was not made and if made was made without *Miranda* warnings, that the government withheld *Brady* material (Soto's notes) from Fontanez, and that the government engaged in sentencing factor manipulation. The government responds that the evidence was sufficient, that many of Fontanez's other arguments were waived or forfeited at trial, and that the remainder are without merit.

Fontanez's confession that he distributed drugs with another, viewed together

with the other evidence recited above, renders meritless his argument via counsel that the evidence was insufficient to convict. *See United States v. Singleterry*, 29 F.3d 733, 738 n. 5 (1st Cir.1994) (rejecting a challenge to the sufficiency of evidence that included a confession corroborated by drugs seized from the defendant's car).

Fontanez's pro se brief raises a number of claims. After reviewing these claims, we agree with the government that most are waived or forfeited and that all lack merit. *Affirmed.*