USCA1 Opinion

 

United States Court of Appeals

For the First Circuit

____________________

No. 01-1271

UNITED STATES,

Appellee,

v.

RAFAEL FONTANEZ,

Defendant, Appellant.

____________________

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

____________________

 

Before

Torruella, Circuit Judge, 

Coffin, Senior Circuit Judge, 

and Lynch, Circuit Judge.

____________________

 George F. Gormley and Christie M. Charles on brief for
appellant.

 Rafael Fontanez on brief pro se.

 Michael J. Sullivan, United States Attorney, and Todd E.
Newhouse and William M. Welch II, Assistant United States Attorneys,
on brief for appellee.

____________________

May 29, 2002

____________________

 PER CURIAM. Rafael Fontanez appeals his conviction,
after a jury trial, of conspiracy to distribute cocaine base on
several occasions, in violation of 21 U.S.C. §§ 841(a)(1) and
846. 

 The evidence, taken in the light most favorable to the
verdict, showed the following. In 1998, DEA agent Gregg Finning
bought crack cocaine from Anthony Bledsoe. Bledsoe repeatedly
sold crack to Finning, and Bledsoe was on two occasions
accompanied by his supplier, whom Finning could not identify and
whom Bledsoe described as "the Cuban." Later, local police made
a traffic stop of the car that Bledsoe and the supplier had
driven, and identified the driver, that is, "the Cuban," as
Fontanez. Several telephone conversations between Bledsoe and
Finning involved telephone numbers linked to Fontanez, including
the numbers of his cellular phone and his barbershop. 
Eventually, Finning agreed to purchase a kilogram of crack from
Bledsoe, and Fontanez waited in the same car while Bledsoe made
the delivery -- after which DEA agents arrested Bledsoe and
Fontanez. After his arrest, Fontanez confessed to local police
officer Richard Soto that he had obtained the kilogram of crack
from one Carlos Quinones, and that Fontanez had been dealing
crack for some time "with a Colombian organization out of
Connecticut," as Soto testified at trial. 

 At trial, Fontanez moved to suppress his confession,
claiming that he had never been read his Miranda rights
(although it also appears that he claimed that he never made a
confession). The district court denied the motion. At trial in
January 2001, Fontanez at first represented himself with standby
counsel, and later was represented by counsel who had formerly
served as standby. The jury convicted him on all counts, from
which conviction he now appeals. The court sentenced him to 216
months in prison. 

 The brief submitted by Fontanez's counsel argues that
the evidence was insufficient to support a conviction on the
conspiracy count. The theory is that a discrepancy in the
testimony of Soto about the confession undermines the
confession. Specifically, Soto testified at the suppression
hearing that he had taken no notes of Fontanez's confession, and
testified at trial that he had taken notes but then destroyed
them. The brief makes no challenge, however, to the denial of
the motion to suppress. 

 Fontanez has also submitted a supplemental pro se brief
in which he raises numerous other arguments, including that the
district court lacked subject matter jurisdiction, that 21
U.S.C. §§ 841 and 846 are invalid because of Congress's failure
to promulgate them as specified by the Administrative Procedure
Act, that the district court did not find a sufficient nexus to
interstate commerce, that his conviction violated the Speedy
Trial Act, that his confession was not made and if made was made
without Miranda warnings, that the government withheld Brady
material (Soto's notes) from Fontanez, and that the government
engaged in sentencing factor manipulation. The government
responds that the evidence was sufficient, that many of
Fontanez's other arguments were waived or forfeited at trial,
and that the remainder are without merit.

 Fontanez's confession that he distributed drugs with
another, viewed together with the other evidence recited above,
renders meritless his argument via counsel that the evidence was
insufficient to convict. See United States v. Singleterry, 29
F.3d 733, 738 n.5 (1st Cir. 1994) (rejecting a challenge to the
sufficiency of evidence that included a confession corroborated
by drugs seized from the defendant's car). 

 Fontanez's pro se brief raises a number of claims. 
After reviewing these claims, we agree with the government that
most are waived or forfeited and that all lack merit. Affirmed.