Argued and submitted May 25, affirmed September 12, reconsideration denied December 5, 1990, petition for review denied January 3, 1991 (311 Or 60)

## STATE OF OREGON,
*Respondent,*

*v.*

## MARVIN KELLY ANDERSON,
*Appellant.*

(89CR1513; CA A62658)

797 P2d 1072

George W. Kelly, Eugene, argued the cause and filed the rief for appellant.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Dave Fronhmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Riggs, Presiding Judge, and Edmonds and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Defendant was convicted of DUII. ORS 813.010. He appeals, claiming that his confession was not supported by sufficient corroboration, as required by ORS 136.425(1).[1] We affirm.

At 11:35 p.m. on July 1, 1989, Officer Gifford assisted another officer with a DUII suspect in the dunes area in Coos County. The other officer had already arrested defendant and, when Gifford arrived, he observed, in addition to defendant, an all terrain vehicle (ATV) and some other people. At that point, Gifford drove defendant back to the police station. While en route, defendant voluntarily stated that "he didn't realize he could be arrested for DUII while operating an ATV in the sand dunes." At the police station, defendant answered a series of questions from Gifford:

> "The first [question was], 'Is that your car?' In this situation I used the term — 'Was that your ATV?' The defendant said that it was not, he said no. I asked him if he was driving, and he said, 'Yeah.' Asked him where he was going, he said, 'On the dunes.' * * * Asked him if he'd been drinking, he said, 'Yeah.' Asked him what he'd been drinking, he said, 'beer and seven and seven.' Asked him how much he'd had to drink, he said that he had a pitcher of beer and 1 seven and seven."

The answers, in addition to a failed Intoxilyzer test result, formed the basis for the trial court's conclusion that defendant was guilty of DUII.

■        In order for a confession to be the basis of a conviction, it must be corroborated by "some other proof," ORS 136.425(1), which can include an admission that does not rise to the level of a confession. *State v. Manzella,* 306 Or 303, 314, 759 P2d 1078 (1988). The sufficiency of the evidence in this case depends on whether the statement in the police car was an admission or a confession.

■        A confession is a statement made for the purpose of

---

[1] ORS 136.425(1) provides:

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it is made under the influence of fear produced by threats; nor is a confession only sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."

acknowledging that the speaker is guilty of some criminal offense; an admission is a statement "made for some other purpose than to acknowledge guilt * * *." *State v. Manzella, supra,* 306 Or at 316. In *Manzella,* the Supreme Court rejected content based distinctions between confessions and admissions. 306 Or at 315. Thus, in order to determine the *purpose* of a statement, we must ascertain the subjective intent of the speaker, not just the objective content of the statement. We conclude that defendant's statement was not made for the purpose of acknowledging that he was guilty of DUII, but rather to express his lack of knowledge regarding the law. Therefore, the statement could be used to corroborate the later confession.

■■    For an admission to corroborate a confession, "some other proof," as used in ORS 136.425(1), only means that there must be evidence from which an *inference* may be drawn that *tends* to establish that a crime has been committed by the defendant. *State v. Lerch,* 296 Or 377, 398, 677 P2d 678 (1984). The court could infer from the statement that defendant had been driving. That inference corroborates defendant's confession and, added to the Intoxilyzer result, provided sufficient evidence to support a finding of guilt.

Affirmed.