In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2543

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DHAWNDRIC MCDOWELL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 08 CR 999—**John F. Grady**, *Judge.*

ARGUED SEPTEMBER 29, 2011—DECIDED AUGUST 7, 2012

Before RIPPLE, MANION, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Dhawndric McDowell occasionally worked for the Chicago Police Department ("CPD") as a confidential informant, but his primary job was selling cocaine for a Mexican drug cartel. One of his suppliers, known to him only as "Jose," agreed to assist the Drug Enforcement Administration ("DEA") with a sting. Under the direction of federal agents, "Jose" arranged to deliver ten kilograms of cocaine to McDowell at a drop

point in Chicago. McDowell was arrested at the point of delivery.

Once in federal custody, McDowell announced to the agents that he was an informant for the Chicago police. Because it was after hours and they needed to sort out this claim, the agents asked him if he would be willing to waive his right to prompt presentment before a magistrate judge. *See* FED. R. CRIM. P. 5(a). McDowell agreed, signed a written Rule 5(a) waiver, and spent the night in jail. The next morning he signed a *Miranda* waiver and confessed his involvement in cocaine trafficking. He was taken before a magistrate judge early that afternoon. Based on his confession and other evidence, a jury convicted McDowell of conspiracy and attempted possession of cocaine with intent to distribute.

McDowell argues that the district court should have suppressed his confession under 18 U.S.C. § 3501(c) and the *McNabb-Mallory* rule because of the delay in his presentment before a magistrate judge. *See McNabb v. United States*, 318 U.S. 332 (1943); *Mallory v. United States*, 354 U.S. 449 (1957). He also claims the court should have ordered the government to identify and produce Jose at trial. Finally, he claims he was entitled to a jury instruction regarding the requirement of evidence corroborating his confession.

We reject these arguments and affirm. McDowell knowingly waived his right to prompt presentment under Rule 5(a), so the exclusionary rule of *McNabb-Mallory*, as modified by § 3501(c), does not apply. We also conclude that the district court did not abuse its discretion by

maintaining the confidentiality of the DEA's cooperating source. And the court was well within its discretion to deny McDowell's request for a corroboration instruction.

## I.  Background

McDowell became a confidential informant for the CPD in 2008, but unbeknownst to his "handler," continued to sell cocaine on the side. In the fall of that year, in an independent investigation, the DEA developed a cooperating source—a high-ranking member of a Mexican cartel who supplied cocaine to Chicago-area dealers, including McDowell. Federal agents thereafter arranged a series of stings using this source. On December 1, 2008, the supplier—known to McDowell only as "Jose" and whom he had never met—called McDowell to collect on a drug debt. The next day Jose called again and offered McDowell a large quantity of cocaine at $28,500 a kilogram. In this conversation (all these calls were recorded), Jose asked McDowell, "How many [kilograms] do you want me to send you?" McDowell replied, "Whatever you can." Jose promised ten kilos, and McDowell agreed to meet Jose's runner that evening to take delivery. Jose directed him to a parking lot next to a Dollar Bazaar store on the west side of Chicago.

At the appointed hour—6 p.m.—McDowell pulled into the Dollar Bazaar parking lot driving a Porsche SUV. An undercover officer approached and asked if he needed "ten," to which McDowell replied, "Yeah." (This transaction was audio- and video-recorded.) McDowell popped his trunk and the runner placed a bag containing

sham cocaine inside. The runner then sought payment, asking McDowell if he had "something for me." McDowell replied that he had been told by Jose that "he can get me on the next one." When McDowell got back in his SUV, officers converged on the scene. McDowell threw the SUV in gear, driving wildly in an attempt to escape. He hit an unmarked police car and took his vehicle over a curb and down a hill, smashing it into a fence. DEA agents arrested McDowell as he tried to climb out of the driver-side window of the crashed SUV. It was approximately 6:30 p.m.

The agents took McDowell to a local police precinct and made him wait in a conference room while they verified his surprising claim that "I work for you." At 10 p.m. McDowell's CPD handler arrived and confirmed that McDowell was indeed a CPD informant. But the Chicago officer also told the agents that McDowell was not working under the direction of the CPD at the time of the transaction that led to his arrest. Because it was after normal business hours, the federal agents asked McDowell if he would waive his right to prompt presentment before a magistrate judge. *See* FED. R. CRIM. P. 5(a) ("A person making an arrest . . . must take the defendant without unnecessary delay before a magistrate judge . . . ."). He agreed and signed a written Rule 5(a) waiver consenting to forgo his right to be taken before a federal magistrate for a period of up to 72 hours.

McDowell then spent the night in jail. The next morning he was taken to the DEA's Chicago headquarters. At about 10:50 a.m., he signed a *Miranda* waiver and

began a two-hour interview with federal agents. He admitted that he went to the Dollar Bazaar parking lot to take delivery of ten kilos of cocaine and that he had purchased large quantities of cocaine on 15 to 20 previous occasions from the same supplier, whom he knew as "Jose." This interview was the first time the agents engaged McDowell in a substantive discussion of his drug-related activities, and it began a little over 16 hours after his arrest. Around 1:30 p.m., approximately 19 hours after his arrest, McDowell was brought before a magistrate judge for his initial appearance.

McDowell was indicted on charges of conspiracy and attempted possession with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(ii). He moved to suppress his statement, arguing that under 18 U.S.C. § 3501(c), the delay in bringing him before a federal magistrate was unreasonable and the *McNabb-Mallory* exclusionary rule required suppression. The district judge determined that the statute, read in conjunction with Rule 5(a) and the Supreme Court's recent decision in *Corley v. United States*, 556 U.S. 303 (2009), required findings on two distinct questions: (1) whether the delay in presentment was unnecessary; and (2) whether the delay was unreasonable. The judge first concluded that because McDowell voluntarily waived his right to presentment by signing a written Rule 5(a) waiver soon after his arrest, there was no unnecessary delay. The judge then held a separate hearing to determine whether the delay was unreasonable and concluded that it was not.

Based on these findings, the judge denied McDowell's suppression motion. The case was tried to a jury, and McDowell was convicted on both counts. The judge sentenced him to 360 months in prison. This appeal followed.

## II. Discussion

McDowell raises three arguments on appeal. First, he argues that the district court should have suppressed his statement under § 3501(c) and the rule of *McNabb-Mallory*. He also contends that the government was required to identify and produce its cooperating source at trial. Finally, he argues that the court erroneously denied his request for a corroboration instruction.

### A. Prompt Presentment

McDowell challenges the district court's denial of his motion to suppress his statement under § 3501(c) and the *McNabb-Mallory* rule. We review the court's findings of fact for clear error and its legal conclusions de novo. *United States v. Gibson*, 530 F.3d 606, 613 (7th Cir. 2008).

The common-law rule of "prompt presentment" required a law-enforcement officer to take an arrested person before a magistrate "as soon as he reasonably could." *Corley*, 556 U.S. at 306. This requirement is codified at Rule 5(a) of the Federal Rules of Criminal Procedure, which provides that "[a] person making an arrest within the United States must take the defendant

without unnecessary delay before a magistrate judge . . . unless a statute provides otherwise." In *McNabb* the Supreme Court established an exclusionary remedy for confessions taken in violation of the common-law prompt-presentment requirement; the Court reaffirmed its *McNabb* holding in *Mallory*. Thus, under the rule known as *McNabb-Mallory*, "an arrested person's confession is inadmissible if given after an unreasonable delay in bringing him before a judge." *Corley*, 556 U.S. at 306.

Congress modified the *McNabb-Mallory* rule in 1968 with legislation that also responded to the Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966). *Corley*, 556 U.S. at 309. Congress enacted 18 U.S.C. § 3501 in an effort to override *Miranda* and mitigate the effects of the *McNabb-Mallory* rule. *Id.* Subsections (a) and (b) of the statute address *Miranda* and are not at issue here. *Id.* Subsection (c) addresses the *McNabb-Mallory* exclusionary rule:

> [A] confession made or given by a person . . . while such person was under arrest or other detention in the custody of any law-enforcement officer or law-enforcement agency, shall not be inadmissible solely because of delay in bringing such person before a magistrate judge . . . if such confession is found by the trial judge to have been made voluntarily . . . and if such confession was made or given by such person within six hours immediately following his arrest or other detention: *Provided,* That the time limitation contained in this subsection shall not

apply in any case in which the delay in bringing such person before such magistrate judge . . . beyond such six-hour period is found by the trial judge to be reasonable considering the means of transportation and the distance to be traveled to the nearest available such magistrate judge . . . .

18 U.S.C. § 3501(c).

Subsection (c) thus provides a six-hour "safe harbor" for confessions given before presentment: A confession given within six hours of arrest is admissible notwithstanding a delay in presentment if the judge finds it was voluntary. A confession given *outside* the six-hour period is also admissible under § 3501(c) if the court finds the confession was voluntary *and* the delay in presentment was reasonable.

In *Corley* the Supreme Court explained that in enacting § 3501(c), Congress limited but did not eliminate the *McNabb-Mallory* exclusionary rule for statements obtained in violation of the Rule 5(a) prompt-presentment requirement. 556 U.S. at 322. The limitation on the rule of *McNabb-Mallory* is the six-hour safe harbor; beyond that, however, *McNabb-Mallory* remains intact. Thus, "[i]f the confession occurred before presentment and beyond six hours, . . . the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb-Mallory* cases, and if it was, the confession is to be suppressed." *Id.* In other words, *McNabb-Mallory* survived § 3501(c) and continues to apply to confessions given before presentment and outside the six-hour statutory window.

We have summarized the legal standards contained in Rule 5(a), § 3501(c), *McNabb-Mallory*, and *Corley* as follows:

> Rule 5(a) of the Federal Rules of Criminal Procedure requires that a person arrested on a federal charge be presented to a magistrate judge "without unnecessary delay." Even given a delay in presentment, however, a voluntary confession made within six hours of arrest remains admissible. 18 U.S.C. § 3501(c). On the other hand, a voluntary confession made after the six-hour safe-harbor period may be inadmissible as a Rule 5(a) violation and pursuant to *McNabb v. United States*, 318 U.S. 332, 344-47 . . . (1943), and *Mallory v. United States*, 354 U.S. 449, 455-56 . . . (1957). *Corley v. United States*, . . . 129 S. Ct. 1558, 1571 . . . (2009) (holding that § 3501 did not supplant *McNabb-Mallory* and that "[i]f the confession occurred before presentment and beyond six hours, . . . the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb-Mallory* cases").

*United States v. Kirkland*, 567 F.3d 316, 320 (7th Cir. 2009).

McDowell's confession occurred well beyond § 3501(c)'s six-hour safe harbor. The DEA agents interviewed him more than 16 hours after his arrest and before he was presented to a magistrate judge. Absent a waiver of prompt presentment, this would ordinarily mean that the district court had to "decide whether delaying that long was unreasonable or unnecessary under the *McNabb-Mallory* cases." *Corley*, 556 U.S. at 322.

We have said that this inquiry depends on "'a congeries of factors, including such elements as the deterrent purpose of the exclusionary rule, the importance of judicial integrity, and the likelihood that admission of evidence would encourage violations of the Fourth Amendment.'" *United States v. Mansoori*, 304 F.3d 635, 660-61 (7th Cir. 2002) (quoting *United States v. Gaines*, 555 F.2d 618, 623-24 (7th Cir. 1977)); *United States v. Spruill*, 296 F.3d 580, 590 (7th Cir. 2002).

Here, however, the government took the position that the *McNabb-Mallory* inquiry was unnecessary because McDowell signed a written waiver of his Rule 5(a) right to prompt presentment. The judge rejected this argument, treating the question whether the delay was "unreasonable" under § 3501(c) as separate and distinct from whether the delay was "unnecessary" under Rule 5(a) and *McNabb-Mallory*. The judge held that McDowell's waiver applied only to his right under Rule 5(a) and did not apply to § 3501(c).

This reasoning misunderstands the relationship between Rule 5(a), § 3501(c), and the *McNabb-Mallory* rule. As we have explained, under Rule 5(a), an arrested person has a right to prompt presentment before a magistrate without unnecessary delay. Under *McNabb-Mallory* a confession obtained in violation of the right to prompt presentment must be suppressed if the delay was unreasonable or unnecessary. Finally, under § 3501(c) law-enforcement officers have a six-hour safe harbor within which to question a suspect before presentment, but the court must apply *McNabb-Mallory* to a confession

made outside the six-hour time limit and before present-ment. In other words, the prompt-presentment *right* is found in Rule 5(a); § 3501(c) and *McNabb-Mallory* estab-lish the *remedial framework* for assessing violations of the right.

And like other important rights, the right to prompt presentment may be waived. Here, McDowell signed a written Rule 5(a) stating in part as follows:

> I have been informed and understand that I have a right under Rule 5(a) of the Federal Rules of Criminal Procedure to be brought without unneces-sary delay before the nearest available federal magis-trate judge or other judicial officer . . . .

> At this time, I waive my right to appear before the nearest available federal magistrate judge or other judicial officer without unnecessary delay . . . .

> I agree that my appearance may be delayed for a period not to exceed 72 hours from the time I sign this waiver.

> I do so knowingly and voluntarily, understanding that I have been arrested and will remain in custody until I am arraigned before a United States Magistrate Judge or other judicial officer.

By signing this waiver, McDowell gave up his right to prompt presentment for the length of time specified in the waiver. By giving up the right to prompt present-ment, McDowell necessarily gave up the corresponding remedy of *McNabb-Mallory*, as modified by § 3501(c).

There is no dispute that McDowell signed the Rule 5(a) waiver knowingly and voluntarily.

McDowell's voluntary waiver of his Rule 5(a) right therefore eliminated any need for the district court to address the remedial framework of § 3501(c) and *McNabb-Mallory*. McDowell's confession was admissible without regard to the delay in presentment.[1] Where, as here, the defendant waives his Rule 5(a) right, there is no reason for judicial inquiry into whether the delay in presentment was unreasonable or unnecessary under § 3501(c) and *McNabb-Mallory.* Although much of its analysis was unnecessary, the district court properly denied McDowell's suppression motion.

---

[1] McDowell does not argue that his confession was otherwise inadmissible. That is, everyone agrees that the agents complied with *Miranda* and that McDowell confessed voluntarily. Indeed, the government argues that McDowell's *Miranda* waiver makes suppression under *McNabb-Mallory* "inappropriate," noting that some circuits have held that a valid *Miranda* waiver also suffices to waive *McNabb-Mallory*. *See Corley v. United States*, 556 U.S. 303, 328-29 (2009) (Alito, J., dissenting) ("More than a few courts of appeals have gone as far as to hold that a waiver of *Miranda* rights also constitutes a waiver under *McNabb-Mallory*."). We need not decide whether a valid *Miranda* waiver also waives *McNabb-Mallory*. As we have explained, McDowell's written waiver of his Rule 5(a) right to prompt presentment waived the remedy of *McNabb-Mallory*.

**B. Production of the Cooperating Source**

McDowell next argues that the district judge erred in denying his request for production of "Jose," the government's cooperating source. The government relied on its limited privilege to withhold the identity of a confidential informant under *Roviaro v. United States*, 353 U.S. 53, 59 (1957). This privilege gives way if the defendant establishes that the disclosure of the informant's identity "'is relevant and helpful' to his defense 'or is essential to a fair determination of a cause.'" *United States v. Harris*, 531 F.3d 507, 514 (7th Cir. 2008) (quoting *Roviaro*, 353 U.S. at 60-61). "We review a district court's denial of a motion for disclosure of the identify of a confidential informant for abuse of discretion and will affirm if any reasonable person could agree with the district court's decision." *Id.* (citing *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001)).

We have held that "the role of the confidential informant is an important factor to consider when determining whether that informant's identity need be disclosed." *Id.* at 515. In this context our cases describe two types of informants: a "mere 'tipster'—someone whose only role was to provide the police with the relevant information that served as the foundation for obtaining a search warrant" and a "'transactional witness' who participated in the crime charged against the defendant or witnessed the event in question." *Id.* For informants falling in the first category, the rationale for the privilege is stronger and the case for overriding it is generally weak. However, for informants who per-

formed a transactional role in an investigation, the case for overriding the privilege and requiring disclosure may be stronger.

Jose was hardly a "mere tipster." He was a high-ranking drug trafficker in a Mexican cartel who repeatedly provided McDowell (and other distributors) with shipments of large quantities of cocaine worth millions of dollars. He also helped the DEA set up the sting that led to McDowell's arrest, participating at least to the extent of placing the phone calls that lured McDowell in. Jose cooperated with the agents on other investigations and himself was arrested and later indicted for drug crimes. He has little in common with the "concerned citizens" who report suspected drug crimes in their neighborhoods and require confidentiality. *See, e.g., United States v. Wilburn*, 581 F.3d 618, 622-24 (7th Cir. 2009). Moreover, Jose did far more than "provide the police with the relevant information that served as the foundation for obtaining a search warrant." *Harris*, 531 F.3d at 515.

On the other hand, the reason McDowell wanted the cooperating source produced for trial was flimsy. McDowell argued that Jose would have supported a duress defense because he could testify about the drug debt McDowell owed. He claimed that Jose was known for using threats and violence against those who failed to pay. Setting aside the likelihood that the witness would have asserted his Fifth Amendment right not to testify if the examination proceeded in this manner, a duress defense would not have been viable under the

circumstances of this case. A defense of duress or coercion requires evidence of "present, immediate, or impending" violence. *United States v. Sawyer*, 558 F.3d 705, 711 (7th Cir. 2009). At most, McDowell asserted a claim of only "potential future violence," which is an insufficient evidentiary foundation for a duress defense. *United States v. Tokash*, 282 F.3d 962, 970 (7th Cir. 2002).

Apart from his argument about a putative duress defense, McDowell does not contend the cooperating source's testimony would have undercut the government's case in any meaningful way. Indeed, the evidence of McDowell's guilt was overwhelming and included recorded phone calls, law-enforcement witnesses, a recorded delivery of sham cocaine, and the defendant's own confession. The district court did not abuse its discretion in denying McDowell's motion for production of the government's cooperating source at trial.

## C.  Corroboration Instruction

Finally, McDowell challenges the district court's rejection of his request for a special jury instruction regarding the requirement that his confession be corroborated. We review this decision for abuse of discretion, *United States v. Tanner*, 628 F.3d 890, 904 (7th Cir. 2010), deferring to the broad discretion of the district court to accept or reject a proposed jury instruction "'so long as the essential points are covered by the instructions given.'" *United States v. Prude*, 489 F.3d 873,

882 (7th Cir. 2007) (quoting *United States v. Koster*, 163 F.3d 1008, 1011 (7th Cir. 1998)).

McDowell asked the court to instruct the jury that it could not convict him based on his confession alone and that corroboration was required. It is well established that a defendant cannot be convicted based solely on his own uncorroborated statement; the government must present independent evidence to corroborate a confession. *Opper v. United States*, 348 U.S. 84, 91 (1954); *United States v. Dalhouse*, 534 F.3d 803, 806 (7th Cir. 2008); *United States v. Jackson*, 103 F.3d 561, 567 (7th Cir. 1996). The corroboration principle sometimes comes into play in the trial court's decision to admit the defendant's confession and also if he later challenges the sufficiency of the evidence. But we have held that the district court is not obligated to instruct the jury on the requirement of corroboration. *United States v. Howard*, 179 F.3d 539, 543 (7th Cir. 1999). Following the lead of two other circuits, we concluded in *Howard* that the matter was better left to the trial judge, and that the standard instructions regarding the government's burden of proof and the presumption of innocence are generally sufficient. *Id.* at 544 (citing *United States v. Dickerson*, 163 F.3d 639 (D.C. Cir. 1999), and *United States v. Singleterry*, 29 F.3d 733 (1st Cir. 1994)); *but see United States v. Adams*, 583 F.3d 457, 469-70 (6th Cir. 2009) (distinguishing *Howard* and following the Sixth Circuit's rule that an instruction must be given even when corroborating evidence is presented).

*Howard* thus forecloses McDowell's argument. Here, the district court gave the same pattern instructions as the

district court did in *Howard*. McDowell attempts to avoid *Howard* by distinguishing between the particular instruction at issue in that case—the defendant argued for an instruction requiring the jury to make a specific finding of corroboration—and the more general instruction requested here. This is a distinction without a difference. We held in *Howard* that the standard reasonable-doubt and presumption-of-innocence jury instructions are usually enough, and the corroboration issue is for the court to decide. The district court did not abuse its discretion in denying McDowell's request for a corroboration instruction.

AFFIRMED.