JAMES, J.
*374 The common law concept of corpus delicti for the corroboration of confessions is codified at ORS 136.425(2). To assist courts in implementing that statute, the Uniform Criminal Jury Instructions committee of the Oregon State Bar created Uniform Criminal Jury Instruction (UCrJI) 1050, which reads as follows:
"A confession alone is not sufficient to support a conviction for a crime. There must be some additional evidence, other than the confession, from which you may draw an inference that tends to establish or prove that a crime has been committed.
"Not all statements by the defendant are confessions. A statement that is an admission rather than a confession may be used to corroborate a confession.
"A confession is an acknowledgement of guilt made by a person after an offense has been committed. An admission is a statement made for some purpose other than to acknowledge guilt."
To date, corpus delicti decisions by this court, as well as the Oregon Supreme Court, have arisen exclusively in the context of motions for judgment of acquittal (MJOA) and have concerned whether the evidence was sufficient to meet the requirements of ORS 136.425(2) so as to allow the case to proceed to a jury. This case, however, concerns UCrJI 1050 and provides an opportunity to clarify when, if ever, the instruction is warranted. Specifically, this case presents the question of whether, after a trial court denies an MJOA raised on ORS 136.425(2) grounds, there remains any residual factual determination for the jury on corroboration so as to warrant an instruction. Here, defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), ORS 813.010. He assigns error to the trial court's refusal to give UCrJI 1050, after the trial court's earlier denial of his MJOA, where the court held that his statements were admissions, not confessions. We conclude that the instruction was not warranted in this case after the trial court ruled defendant's statements were admissions. We, therefore, affirm.
*375 "In reviewing the trial court's refusal to give a requested instruction, we view the record in the light most favorable to establishment of the facts necessary to require *226 that instruction." State v. Egeland , 260 Or. App. 741, 742, 320 P.3d 657 (2014). "[A] trial court may refuse a requested jury instruction if the instruction does not accurately state the law as it applies to the case." State v. Snyder , 288 Or. App. 58, 61, 405 P.3d 175 (2017), rev. den. , 362 Or. 508, 424 P.3d 726 (2018). We begin with the following relevant facts.
Deputy Ross was called to mediate a dispute between defendant and the camp host of the Wilson River RV Park, where defendant had his mobile home parked.
Ross was wearing a body camera and recorded his interaction with defendant. Ross knocked on defendant's door and asked him about the disagreement defendant was having with the camp host regarding a package being held at the RV park office and defendant's application to stay at the park. Defendant explained that he had tried to retrieve his package from the office before 5:00 p.m., but the host had closed the office early. Ross then asked defendant if he had driven his vehicle to the office or around the park property. After some more back and forth between Ross and defendant, Ross told defendant, "So, obviously, I can smell a little bit of alcohol off of you." Ross asked, "So I guess my question is, is how much have you had to drink today?" and explained to defendant that he was concerned that defendant had been driving intoxicated. Defendant responded, "No, I'm not" and explained to Ross that earlier someone had "screamed out of [the RV park] * * * like the Tasmanian Devil" but that "no, I would never do that." Ross again asked defendant, "You never drove around?" Defendant responded, "No. Oh, yeah, I drove around but not like that."
Ross read defendant his Miranda rights and informed him that he was under arrest for DUII. Defendant was arrested and charged with DUII. At the close of the state's case, defendant moved for judgment of acquittal, arguing:
"[DEFENSE COUNSEL]: [T]he state has insufficient evidence to establish driving of a vehicle. And there's a couple of points I want to make on this one.
*376 "Number one is that the driving in this case is established through [defendant]'s statement that he drove. And he never actually says he drove.
"* * * * *
"And what we have here is no corroboration of any kind other than the statement regarding driving."
In response, the prosecutor argued:
"[PROSECUTOR]: Defendant says he drove 25 minutes ago. When Deputy Ross told him he was concerned about his driving, he said, well, there's nothing recorded, but a couple days ago, you know, someone was driving crazy.
"That's direct evidence. And the fact he was driving, it's an admission. It doesn't need corroboration."
The arguments then focused on whether defendant's statements constituted admissions or confessions. Defense counsel argued:
"[DEFENSE COUNSEL]: Well, and, Your Honor, with the confession corroboration instruction, it instructs the jury on kind of the difference between a confession or an admission. And the fundamental difference between the two is the intent of the person making the statement."
The state responded:
"[PROSECUTOR]: Yeah. I think [ State v. ] Anderson [, 103 Or. App. 436, 797 P.2d 1072 (1990), rev. den. , 311 Or. 60, 803 P.2d 732 (1991) ] gives us a couple of points of law. One being subjective intent of the defendant controls.
"The defendant in the video shows at the end while he's in the car, he says, 'I don't even know why I've been arrested,' while he's leaving a voice mail.
"So all of the statements he made up to that point I don't think it's possible to find that he had the subjective intent to confess to a crime. And so I think that qualifies as admissions. Admissions don't take-don't require corroboration."
The trial court denied defendant's MJOA, reasoning that "this is not a confession case" because defendant "didn't actually admit to impairment," which is an element of the charged crime. The court ruled:
*377 "[COURT]: [T]his is not a confession case. Anderson discusses it at detail. And *227 the facts of Anderson are very similar to this case.
"There is a vehicle here, as there was in Anderson there. Anderson 's an ATV. Here, it's a car. Defendant points out his car and talks about the engine and the horsepower and all sorts of things.
"He admits to driving. And that's all done in the context of dispute, I think was referred to.
"So, based on that, motion for judgment of acquittal will be denied."
That ruling-the denial of defendant's MJOA-is not before us on appeal, as defendant has not assigned error to it. Instead, on appeal, defendant focuses on what occurred after that ruling. Defendant requested UCrJI 1050, arguing:
"[DEFENSE COUNSEL]: I think that that comes down to a jury question and that the-if a juror-there's evidence which would support a jury determining there's a confession. There's evidence where a jury could believe it was an admission.
"At JOA, it goes in the light most favorable to the state but not at a jury instruction level."
The trial court refused to give the instruction, ruling:
"[COURT]: All right. So at the jail he refused breathalyzer because he said he didn't realize he's being arrested for DUI. I don't think there ever was a confession. There's a lot of admissions throughout that.
"But based on Anderson , I-I don't think there's a basis for confession jury instruction.
"* * * * *
"And so I don't think based on Anderson we could give corroboration-confession corroboration just because there's not a legal basis to find that there was a confession."
Ultimately, the court instructed the jury, in relevant part, as follows:
"[COURT]: You have heard evidence that the defendant made a statement that you may find is an admission. You may not consider such statement unless you first decide:
*378 "(1) The statement actually was made by the defendant, and if so,
"(2) The statement was made voluntarily by the defendant.
"The state must prove that the statement was actually made and that it was made voluntarily. Consider all the evidence about the statement including the circumstances under which it was given.
"You must make your decision as to whether or not the statement was made voluntarily without considering the truth or falsity of the statement. You are the sole and exclusive judge of the weight, if any, to be given to such statement."
At the conclusion of deliberations, the jury returned a unanimous guilty verdict.
On appeal, defendant assigns error to the trial court's denial of his requested jury instruction on confession and corroboration, UCrJI 1050. Defendant argues that he was entitled to the instruction as long as the instruction correctly stated the law and the evidence in the record supported giving the instruction. According to defendant, despite the court's ruling, the jury was entitled to make its own determination as to whether his statements were admissions or confessions, and, if confessions, whether such confessions were corroborated. In response, the state asserts that the trial court's ruling on the legal question of whether defendant's various statements were admissions, and not confessions that needed to be corroborated, was correct and unchallenged on appeal. Further, following that legal ruling, there was no factfinding role for the jury on the issue, thus rendering the instruction improper. The issue so framed, we turn to the merits.
ORS 136.425 codified Oregon's corpus delicti law on confessions and corroboration and states, in part:
"(2) Except as provided in ORS 136.427, a confession alone is not sufficient to warrant the conviction of the defendant without some other proof that the crime has been committed."
Although framed in statutory terms, corpus delicti as a legal concept has a long *228 pedigree. It emerged out of *379 English common law as a response to the problem of false confessions and the resulting executions of later-exonerated accused. As the Oregon Supreme Court explained:
"One of the most famous of these [cases] was Perrys' Case , 14 How. St. Tr. 1312 (1660). The supposed victim failed to return home one evening, and a search revealed only his hacked and bloody hat. A servant of the victim confessed that he, his brother and his mother had murdered the victim. The three were tried, convicted and executed on the strength of the victim's disappearance, the discovery of the hat and the servant's confession. A few years later, the victim reappeared."
State v. Manzella , 306 Or. 303, 310 n. 4, 759 P.2d 1078 (1988).
ORS 136.425(2) requires "some other proof" in order to convict a defendant based upon his confession. We have noted that "some other proof" "only means that there must be evidence from which an inference may be drawn that tends to establish that a crime has been committed by the defendant." Anderson , 103 Or. App. at 439, 797 P.2d 1072 (emphases in original). As we stated in Anderson , "The sufficiency of the evidence in this case depends on whether the statement [to the officer] was an admission or a confession." Id. at 438, 797 P.2d 1072.
In Manzella , the court concluded that "it seems clear that the legislature intended to distinguish between 'confessions' and 'admissions' for the purpose of the corroboration requirement." 306 Or. at 314, 759 P.2d 1078. The Manzella court determined that
"statements made for some purpose other than to acknowledge guilt, i.e. , exculpatory statements or statements made as part of a person's employment duties, are not confessions. It follows, then, that a 'confession' must have been made after the commission of the crime in question, for the purpose of acknowledging that the speaker is guilty of some criminal offense."
Id. at 316, 759 P.2d 1078. As the court in Manzella concluded,
"[t]his court's practice of distinguishing between 'admissions' and 'confessions' for the purpose of [ ORS 136.425 ] has been consistent and longstanding. In light of that precedent, the 1957 legislature's rejection of the proposed addition of the words 'or admissions' in 1957, and its failure to *380 amend [that provision], it seems clear that the legislature intended to distinguish between 'confessions' and 'admissions' for the purpose of the corroboration requirement."
Id. at 314, 759 P.2d 1078. That "longstanding" distinction between admissions and confessions has not been legislatively altered since Manzella .[1]
Thus, the evidence of a defendant's statements is treated differently by the trial court as a result of its legal determination as to whether the statements constitute an admission or a confession. The trial court's determination implicates the sufficiency of the evidence-or under ORS 136.425(2), the requirement of "some other proof"-and is a bedrock determination that triggers the corpus delicti rule.
We recognize that Oregon's treatment of corpus delicti is not universal. Broadly, "The question of whether the corroboration rule is an evidentiary rule or a substantive rule of criminal law has been the subject of significant discussion in other jurisdictions and by commentators." State v. Leniart , 166 Conn. App. 142, 163, 140 A.3d 1026, 1045 (2016). Additionally,
"there is also the question of whether the corpus delicti rule simply defines the evidentiary foundation needed to support the introduction of the defendant's confession, so that the decision is to be made by the trial judge before the case is submitted to the jury, or whether on the other hand it establishes an implicit element of the government's proof, so that the trial judge's evidentiary ruling would be merely preliminary to the jury's later determination of *229 corpus delicti . There is a split of authority between the 'evidentiary foundation' and 'implicit element' approaches[.]"
Id. at 163-64, 140 A.3d 1026.
Despite the emergence of a split of authority between the evidentiary foundation and implicit element approaches, "federal courts have characterized the corroboration rule as a hybrid rule * * *: 'The corroboration principle sometimes *381 comes into play in the trial court's decision to admit the defendant's confession and also if he later challenges the sufficiency of the evidence.' " Leniart , 166 Conn. App. at 164-65, 140 A.3d 1026 (quoting United States v. McDowell , 687 F.3d 904, 912 (7th Cir. 2012) ).
Importantly, "Even in those jurisdictions that consider the corpus delicti rule to be an implicit element of an offense or treat it as a hybrid rule, many courts have concluded that no special instructions to the jury are required." Leniart , 166 Conn. App. at 165, 140 A.3d 1026 ; see, e.g. , McDowell , 687 F.3d at 912 ("The corroboration principle sometimes comes into play in the trial court's decision to admit the defendant's confession and also if he later challenges the sufficiency of the evidence. But we have held that the district court is not obligated to instruct the jury on the requirement of corroboration. United States v. Howard , 179 F.3d 539, 543 (7th Cir. 1999). Following the lead of two other circuits, [the Seventh Circuit] concluded in Howard that the matter was better left to the trial judge, and that the standard instructions regarding the government's burden of proof and the presumption of innocence are generally sufficient."); United States v. Dickerson , 163 F.3d 639, 642-43 (D.C. Cir. 1999) ("We think it telling that in each of the Supreme Court's principal corroboration cases, the Court resolved the corroboration question on its own without any mention at all of the necessity of jury reconsideration. The Court treated corroboration essentially as a duty imposed upon courts to ensure that the defendant is not convicted on the basis of an uncorroborated out-of-court statement. If the Court thought the jury played a necessary supplementary role in making the corroboration determination, the Court certainly could not have affirmed the convictions based solely on its own judgment that sufficient corroborative evidence existed, without first considering whether the jury had been instructed to do the same. * * * After all, the requirement for sufficient evidence to convict is itself a limitation on the jury's power, but no one thinks it follows from this that the jury must be given an opportunity to reconsider for itself the judge's decision on a motion for judgment of acquittal." (Citations and footnote omitted.)) ; United States v. Singleterry , 29 F.3d 733, 739 (1st Cir. 1994) (noting that "particularly where a full confession *382 dominates the government's proof, it is fair to assume that a jury will interpret its duty to find guilt beyond a reasonable doubt to mean that it cannot simply accept a confession at face value"); D'Aquino v. United States , 192 F.2d 338, 357 (9th Cir. 1951) ("It is sufficient if the corroborative evidence, when considered in connection with the confession or admission, satisfied the jury beyond a reasonable doubt that the offense was in fact committed. * * * [T]his court indicated that the usual instructions on presumption of innocence and reasonable doubt adequately covered all that the jury need be told upon this question of sufficiency of proof of the corpus delicti ."). As the preceding survey indicates, a majority of jurisdictions across the United States agree that it is sufficient when the jury is properly instructed with regard to the presumption of innocence and the state's burden to prove beyond a reasonable doubt that the crime was committed. That is, "the district court is not obligated to instruct the jury on the requirement of corroboration." McDowell , 687 F.3d at 912.
ORS 136.425 and ORS 136.427 are situated within the statutory scheme pertaining to criminal trials; specifically, within the section pertaining to evidence.[2] ORS 136.030 describes broadly how issues are tried in criminal *230 trials: "An issue of law shall be tried by the judge of the court and an issue of fact by a jury of the county in which the action is triable." This statutory scheme also describes the function of a criminal trial court in ORS 136.310 :
"All questions of law, including the admissibility of testimony, the facts preliminary to such admission and the construction of statutes and other writings and other rules of evidence shall be decided by the court. All discussions of law shall be addressed to it. Whenever the knowledge of the court is by statute made evidence of a fact, the court shall declare such knowledge to the jury, which is bound to accept it as conclusive, except as provided in ORS 40.085."
*383 As mentioned above, the legal distinction between confessions and admissions is an important one because "[ ORS 136.425 ] applies only to statements that constitute 'confessions,' not to mere 'admissions.' " State v. Bella , 231 Or. App. 420, 431, 220 P.3d 128 (2009), rev. den. , 347 Or. 608, 226 P.3d 43 (2010). Here, because the trial court determined-as a matter of law-that defendant's statements were not made for the purposes of acknowledging guilt, the court could only have concluded that those statements were admissions and not confessions. The corpus delicti requirements of ORS 136.425(2) are triggered only by the state's reliance on a confession . Regardless of UCrJI 1050's additional wording on admissions, without a confession, the trial court did not err when it determined that there was no "basis for [the] confession jury instruction." Instead, the trial court provided instruction on admissions and voluntariness, as well as the state's burden of proof. Accordingly, the trial court did not err when it refused to instruct the jury on confessions and corroboration, UCrJI 1050.
Affirmed.

ORS 136.425 was amended by the legislature in 2009. A review of the legislative history shows that the 2009 amendments were intended to address corpus delicti in the narrow confines of abuse cases with vulnerable victims. Nothing in the text or history of the 2009 changes indicate a legislative intent to dispose of the admissions/confessions distinction.

The "same statute" may mean the same chapter where a provision has been codified. E.g. , Morsman v. City of Madras , 203 Or. App. 546, 561, 126 P.3d 6, rev. den. , 340 Or. 483, 135 P.3d 318 (2006). However, the same statute may also include other provisions of the bill that were originally approved by the legislature, but later codified in different chapters or sections of the Oregon Revised Statutes. E.g. , Martini v. DMV , 278 Or. App. 172, 178-79, 373 P.3d 1227 (2016).